Victoria A. Cundiff
PAUL, HASTINGS, JANOFSKY & WALKER LLP
75 East 55th Street
New York, New York
Telephone: 212-318-6000
Facsimile: 212-319-4090
victoriacundiff@paulhastings.com

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| Prediction Company LLC,<br><br>                             Plaintiff,<br><br>            - against -<br><br>Abhishek Rajgarhia,<br><br>                        Defendant. | Case No. 09-Civ 7459 (SAS)<br><br>**AFFIDAVIT OF VICTORIA A. <u>CUNDIFF</u>** |

| | | |
|---|---|---|
| STATE OF NEW YORK | ) | |
| | ) | ss. |
| COUNTY OF NEW YORK | ) | |

Victoria A. Cundiff, being duly sworn, deposes and says:

1.    I am a partner of Paul, Hastings, Janofsky & Walker LLP, attorneys for Plaintiff Prediction Company LLC ("Prediction" or the "Company"). I submit this affidavit in support of Prediction's motion for leave to serve process by alternative means. Except as otherwise indicated, I have personal knowledge of the facts set forth below.

**<u>Preliminary Statement</u>**

2.    I submit this affidavit in support of Prediction's motion for leave to serve a copy of the summons and complaint in this action (the "Summons" and the "Complaint") on

Defendant Abhishek Rajgarhia ("Mr. Rajgarhia"), an Indian national and resident, by the following alternative means under Fed. R. Civ. P. 4(f)(3): (i) through service by certified mail upon Defendant's counsel, Lance Gotko ("Mr. Gotko") of Friedman Kaplan Seiler & Adelman, LLP, and (ii) by sending a copy of the Summons and Complaint to the e-mail address that Defendant has used in the past for communicating with Prediction.

       3.    This affidavit is made for the purpose of presenting the Court with information concerning Plaintiff's attempts to complete proper service of process and Defendant's success at evading such service, in order for the Court to determine how service of process shall be effected in this matter.

       4.    This is an action for breach of contract and misappropriation of trade secrets arising from the removal, disclosure, and impending use by Defendant, a former employee of Plaintiff, of Plaintiff's highly valuable and confidential, proprietary quantitative trading strategy called "AM", which is one of Plaintiff's most important assets. Plaintiff's internal investigation uncovered communications and other evidence that Defendant transferred a copy of a document revealing some of Plaintiff's trade secrets and proprietary, confidential information to a competitor. Evidence that was produced before this suit was filed also establishes that Defendant copied and removed the source code for the AM strategy. Moreover, Plaintiff discovered that Defendant took steps to cover up his wrongdoing, as demonstrated by his deletion of the contents of his Prediction e-mail "sent" folder and his internet browsing history at Prediction, which included the following queries from late June 2009: (i) "how can employers track downloads"; (ii) "3ami allows employers to track use of USB storage"; and (iii) "how do I delete everything on my hard drive?"

5.      Defendant originally planned to work for a competitor of Plaintiff in New York and moved to New York for that purpose.  Around the time that this lawsuit was filed, Defendant abruptly relocated to India.  While certain computers that Defendant used remain in New York in the custody of Defendant's New York counsel assisting him in resisting Plaintiff's claims, Plaintiff has legitimate concerns that Defendant may retain Plaintiff's confidential information and may intend to use it.  Such misappropriation would not only unjustly enrich Defendant but would also diminish the accuracy of Prediction's trading model and reduce the value of the signals generated by the model even for Prediction itself.  Plaintiff seeks injunctive relief, damages, and any other and further equitable relief deemed appropriate by the Court, to safeguard the confidentiality of its trade secrets and confidential, proprietary information which Defendant has removed or otherwise misappropriated.

6.      Around or shortly prior to the time that Plaintiff filed its Complaint in this action, Defendant Rajgarhia abruptly left the United States and returned to India, while maintaining continuous communication with his counsel, Mr. Gotko, regarding this dispute and this action.  Plaintiff has not been able to locate Mr. Rajgarhia.  Mr. Rajgarhia's New York counsel, Mr. Gotko, acknowledges that he is in contact with Mr. Rajgarhia about this dispute, and claims that Mr. Rajgarhia will not provide him with authorization to accept service on Mr. Rajgarhia's behalf, nor will Mr. Rajgarhia provide Mr. Gotko with his address in India.

7.      As India is a party to the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters (the "Hague Convention"), if Mr. Rajgarhia is indeed in India, service must be effected in conformity with any applicable procedures of the Hague Convention.  However, the Hague Convention is inapplicable here, as Article 1 of the Hague Convention requires that the address of the person to be served be known

3

for the Hague Convention to apply.  Plaintiff is thus unable to serve process upon Mr. Rajgarhia under Rule 4(f)(1).  However, inasmuch as it is undisputed that Mr. Rajgarhia's New York counsel is in contact with him, and as Mr. Rajgarhia appears as well to have a functioning e-mail address, alternative service by providing a copy of the Summons and Complaint to his counsel and e-mailing a copy to his e-mail address, is reasonably calculated to provide Defendant with adequate notice of the Complaint so that he can defend this action.  Therefore, Plaintiff requests leave of the Court to serve Mr. Rajgarhia, pursuant to Rule 4(f)(3), by alternative means that are necessary and proper under these circumstances.

## Jurisdiction and Venue

8.     This Court properly has personal jurisdiction over Defendant because a substantial part of the events giving rise to the claims occurred in the Southern District of New York.  Furthermore, Defendant's computers which are believed to have been used by Defendant to copy and store Prediction's confidential, proprietary information are in this District, at the offices of Defendant's counsel, at 1633 Broadway, New York, NY 10019.

## Plaintiff's Futile Attempts at Learning
## Defendant's Address through Internet Research

9.     On a number of occasions beginning upon learning of Mr. Rajgarhia's departure to India and continuing thereafter, I tasked the library at my law firm to attempt to obtain Mr. Rajgarhia's address in India.  To that end, library personnel conducted numerous searches, none of which has resulted in obtaining Mr. Rajgarhia's current address.  The library's efforts included performing general searches of the internet for Mr. Rajgarhia's name using Google, as well as combined searches using Mr. Rajgarhia's prior employers, schools that he attended, age and professional interests.  The results of some of the most recent searches are

attached as Exhibit 1 and include webpages from the following websites: http://www.linkedin.com, http://www.facebook.com, http://www.spoke.com, http://www.peekatyou.com, http://www.iitk.ac.in, http://www.purdue.edu, and http://www.niir.org.   None of the websites listed an Indian address for an individual who matched the characteristics of Defendant Rajgarhia.  The only person located with Defendant's name who is listed as working for an Indian company, Radiant Chemtech Pvt. Ltd., a manufacturer and exporter of tea, rice, silicon products, automotive industry products, and other products, is not believed to be Defendant Rajgarhia as the backgrounds do not match.  The listed U.S. addresses discovered in the internet searches are his former addresses. The full profiles of individuals named Abhishek Rajgarhia on Facebook and Linked In could not be viewed without "inviting" those individuals as a "Linked In contact" or "Facebook friend."  The library and I did not send any such invitations to those individuals who might be Defendant Rajgarhia, in the event that such an invitation may constitute a communication with a person represented by counsel that is prohibited by Rule 4.2(a) of the New York Rules of Professional Conduct.

10.   In addition to the aforementioned internet searches, I obtained Mr. Rajgarhia's comprehensive report from http://www.Accurint.com, a subscription based locate and research database.  The Accurint report for Mr. Rajgarhia listed his prior addresses in the United States, but not his current address in India.  A copy of the most recent Accurint report is attached hereto as Exhibit 2.  Furthermore, the library attempted to locate Mr. Rajgarhia's address via Indian telephone and residence directory websites but was unsuccessful, particularly given that we do not know where in India he resides.  As the library's failed efforts demonstrate, Plaintiff cannot expect to obtain Mr. Rajgarhia's address without the Court's assistance.

## Defendant's Use of a G-mail Account

11.     Over the course of the events giving rise to the dispute and the dispute itself, Defendant has actively used a Gmail account, abhishekrajgarhia@gmail.com.  On June 2, 2009, Defendant sent an e-mail from his work e-mail account, Abhishek.Rajgarhia@ubs.com, to his Gmail account, in which he attached a document containing Prediction's confidential, proprietary information.  A copy of that e-mail without the attachment is attached hereto as Exhibit 3.  Defendant also used that Gmail account at least as recently as July 17, 2009, when he sent an e-mail to Plaintiff, advising that he had resigned from the Company.  A copy of that e-mail is attached hereto as Exhibit 4.

12.     While I have not sent an e-mail to Defendant at his Gmail account to confirm that he is still using that account, in light of the prohibition against communicating directly with a represented party pursuant to Rule 4.2(a) of the New York Rules of Professional Conduct, I have confirmed that the log-in name "abhishekrajgarhia" remains unavailable for usage by anyone else, which suggests that Defendant continues to use that e-mail address.  *See* Exhibit 5, a print out of the Gmail screen advising that the log-in name "abhishekrajgarhia" is unavailable, a copy of which is attached hereto.

## Defendant's Counsel Is in Contact with Defendant about this Case

13.     This firm was retained by Prediction in July 2009 in connection with the Company's investigation into Mr. Rajgarhia's misappropriation of certain Prediction trade secrets and confidential, proprietary information.

14.     In an attempt to resolve this matter without resorting to litigation, I had numerous communications, on the telephone and via e-mail, in August 2009 with Mr. Gotko, who represents Mr. Rajgarhia.  In connection with those settlement communications, Mr. Gotko conferred with Mr. Rajgarhia; and Mr. Rajgarhia transferred possession of his laptop computer and other electronic storage devices to Mr. Gotko for safekeeping and potential forensic examination by a mutually agreed upon forensic professional.  That laptop is believed to contain evidence relating to Mr. Rajgarhia's unauthorized copying of Prediction's source code for the AM trading strategy.   Mr. Gotko has represented that he retains the computer and other electronic media in a safe in the offices of Mr. Gotko's law firm in New York City.

15.     On August 25, 2009, Plaintiff filed its Complaint in this action.

16.     That same day, I sent Mr. Gotko a pdf copy of the Complaint and asked if he was authorized to accept service on behalf of his client.  On August 26, 2009, Mr. Gotko advised me by e-mail that he was not authorized to accept service on Mr. Rajgarhia's behalf.  A copy of this email chain is attached hereto as Exhibit 6, and a copy of the August 25, 2009 letter is attached hereto as Exhibit 7.

17.     On or about August 28, 2009, I had a telephone conference with Mr. Gotko during which I requested Mr. Rajgarhia's address so that Plaintiff could serve him with the Summons and Complaint.  Mr. Gotko stated that Mr. Rajgarhia had left the United States and returned to India, and that he did not know Mr. Rajgarhia's address in India.

18.     Thereafter, my client attempted to learn Mr. Rajgarhia's location but determined that he had not provided the Company with a forwarding address in India.

19.     On October 7, 2009, my colleague, Eugene Lee, an associate at my firm, contacted Mr. Gotko by e-mail regarding a proposed meeting to discuss the proposed pre-trial scheduling order required for the pre-trial conference that was initially scheduled for October 9, 2009.  Mr. Gotko responded that he was not in a position to do anything that could be construed as constituting his client's voluntary submission to the Court's jurisdiction and, therefore, would not participate in any meeting to discuss the pre-trial scheduling order.  Mr. Gotko further stated that he had not learned Mr. Rajgarhia's address in India.  A copy of this email exchange is attached hereto as Exhibit 8

20.     Having no reasonable means of obtaining Mr. Rajgarhia's address, and being in possession of an e-mail address that Mr. Rajgarhia used in the past to communicate with the Company, I requested that Mr. Gotko consent to a simultaneous email communication to both Mr. Rajgarhia and Mr. Gotko.

21.     Therefore, by e-mail sent on October 20, 2009, I asked Mr. Gotko to inquire as to Mr. Ragjarhia's address so that Plaintiff could proceed with completing service of process.  In addition, I asked Mr. Gotko if he would consent to a proposed course of action in which I would send a simultaneous e-mail communication to Mr. Rajgarhia and Mr. Gotko, attaching the Complaint, requesting that Mr. Rajgarhia provide Plaintiff with his current address so that Plaintiff can formally serve him with a copy of the Complaint, and instructing Mr. Rajgarhia not to respond to me directly but to do so through his counsel.

22.     Mr. Gotko responded later that day that he is not in a position to seek from Mr. Ragjarhia his address.  Mr. Gotko also refused to consent to my proposal of sending a simultaneous email to Mr. Rajgarhia and Mr. Gotko, stating, "because my firm represents

Abhishek in connection with this dispute, it would be inappropriate for you to contact him directly and you should not do so." In the interest of a clear record of the situation, I replied to Mr. Gotko, underscoring that it was my intent to copy him on the proposed communication, and stating that I understood his response to mean that he did not consent to the proposed simultaneous e-mail. Mr. Gotko replied that my understanding was correct. A copy of this e-mail chain is attached hereto as Exhibit 9.

23.     Given the fact that Mr. Gotko has not appeared in this action, it is not clear to me whether Defendant Rajgarhia is in fact represented by counsel for purposes of Rule 4.2(a) of the New York Rules of Professional Conduct. However, having no desire to run afoul of any professional and ethical rules prohibiting a lawyer from communicating directly with someone known to be represented by counsel, I did not send the proposed simultaneous e-mail.

24.     At the pre-trial conference held on January 5, 2010, the Court asked Mr. Gotko to request from Defendant his address in India. Mr. Gotko reports that Defendant declined to provide him with that information.

25.     It is undisputed that Defendant and Mr. Gotko are in contact with one another and are communicating regarding this action. Indeed, as recently as February 26, 2010, Mr. Gotko told me that he was in communication with his client regarding potential approaches to resolving this matter. It is also clear that Defendant is benefiting from the retention of New York counsel to protect his interests in this case by using his counsel, who has not appeared, to block Plaintiff's efforts to contact him directly, learn his address, and serve him with process. Mr. Gotko has appeared twice before the Court on Mr. Rajgarhia's behalf in this action, albeit ostensibly via special appearance. Without a doubt, service upon Mr. Gotko would be a

Case 1:09-cv-07459-SAS   Document 9   Filed 03/05/10   Page 10 of 11



successful means of serving his client. Indeed, I suspect that Mr. Rajgarhia has long been in possession of the Complaint, having received it from Mr. Gotko via e-mail long ago. While Mr. Rajgarhia has, to date, successfully thwarted the means of service prescribed in Fed. R. Civ. P. 4(f)(1), the situation calls for the Court to order alternative means of service under Fed. R. Civ. P. 4(f)(3). Given the facts and circumstances of this case, those alternative means are certain to be successful in apprising Mr. Rajgarhia of the notice and opportunity to present his objections that due process requires.

## Conclusion

26. For the reasons discussed above, and those set forth in the accompanying memorandum of law, the Court should grant Plaintiff's motion and permit alternative means of serving process in this action, namely (i) through service of a copy of the Summons and Complaint by certified mail upon Mr. Gotko and a request that Mr. Gotko forward the Summons and Complaint to Defendant, and (ii) by sending a copy of the Summons and Complaint to the e-mail address that Defendant has used in the past for communicating with Prediction, abhisehkrajgarhia@gmail.com.


Dated: March 5, 2010

_____
Victoria A. Cundiff

Subscribed and sworn to before me
this 5th day of March, 2010.

_____
Notary Public

LESLIE S. ROSE
Notary Public, State of New York
No. 60-4994544
Qualified in Westchester County
Commission Expires April 6, 2012

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the foregoing Notice of Motion, Memorandum of Law in Support of Motion for Leave to Serve Process by Alternative Means, and Affidavit of Victoria A. Cundiff was served by causing a copy to be sent by email and hand delivery on this 5th day of March, 2010 upon:

> Lance Gotko
> Friedman Kaplan Seiler & Adelman, LLP
> 1633 Broadway
> New York, NY 10019
> (212) 833-1100
> lgotko@fklaw.com
>
> *Attorneys for Defendant Abhishek Rajgarhia*

Victoria A. Cundiff
75 East 55th Street
New York, NY 10022
Telephone: (212) 318-6000

Attorneys for Plaintiff *Prediction Company LLC*