Victoria A. Cundiff
PAUL, HASTINGS, JANOFSKY & WALKER LLP
75 East 55th Street
New York, New York
Telephone: 212-318-6000
Facsimile: 212-319-4090
victoriacundiff@paulhastings.com

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| Prediction Company LLC,<br><br>               Plaintiff,<br><br>    - against -<br><br>Abhishek Rajgarhia,<br><br>               Defendant. | Case No. 09-Civ 7459 (SAS)<br><br>**ECF CASE** |

**PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF MOTION
FOR LEAVE TO SERVE PROCESS BY ALTERNATIVE MEANS**

## TABLE OF CONTENTS

TABLE OF CONTENTS ................................................................................................. i

TABLE OF AUTHORITIES .......................................................................................... ii

PRELIMINARY STATEMENT ....................................................................................... 1

STATEMENT OF FACTS ............................................................................................... 2

ARGUMENT ..................................................................................................................... 5

    A.   Service of Process by Alternative Means Is Necessary and Proper in This Case ............... 5
       1.   Service of Process by Alternative Means Is Not Extraordinary Relief and Can Take Numerous Forms ................................................................................................................. 5

         a.   Service of Process on Defendant's Attorney ............................................................. 7

         b.   Service of Process by E-mail ....................................................................................... 8

    B.   Service of Process by Alternative Means Should Be Authorized in This Case ............... 10

CONCLUSION ................................................................................................................. 11

## TABLE OF AUTHORITIES

**Page(s)**

CASES

*Bank of Credit & Commerce Int'l (Overseas) Ltd. v. Tamraz*,
  2006 WL 1643202 (S.D.N.Y. Jun. 13, 2006)........................................................9

*Bank Julius Baer & Co. Ltd v. Wikileaks*,
  2008 WL 413737 (N.D. Cal. Feb 13, 2008)........................................................8

*D.R.I., Inc. v. Dennis*,
  2004 WL 1237511 (S.D.N.Y. Jun. 3, 2004)........................................................9

*Ehrenfeld v. Salim a Bin Mahfouz*,
  2005 WL 696769 (S.D.N.Y. Mar. 23, 2005)........................................................7

*Forum Fin. Group, LLC v. President, Fellows of Harvard College*,
  199 F.R.D. 22 (D. Me. 2001)........................................................6

*Henderson v. U.S.*,
  517 U.S. 654 (1996)........................................................10

*Madu, Edozie & Madu, P.C. v. Socketworks Ltd. Nigeria*,
  2010 WL 305317 (S.D.N.Y. Jan. 26, 2010)........................................................8

*Mullane v. Cent. Hanover Bank & Trust Co.*,
  339 U.S. 306 (1950)........................................................10

*Philip Morris USA Inc. v. Veles Ltd.*,
  2007 WL 725412 (S.D.N.Y. Mar. 12, 2007)........................................................9

*Rio Props. v. Rio Int'l. Interlink*,
  284 F.3d 1007 (9th Cir. 2002)........................................................6, 7, 8, 9

*RSM Prod. Corp. v. Fridman*,
  2007 WL 2295907 (S.D.N.Y. Aug. 10, 2007)........................................................7

*Ryan v. Brunswick Corp.*,
  2002 WL 1628933 (W.D.N.Y. May 31, 2002)........................................................7, 9, 10

*Volkswagenwerk Aktiengesellschaft v. Schlunk*,
  486 U.S. 694 (1988)........................................................5

OTHER AUTHORITIES

Fed. R. Civ. P. 4(f)(1)........................................................passim

Fed. R. Civ. P. 4(f)(3)........................................................passim

Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents in
Civil or Commercial Matters ............................................................................................... 5, 6

Plaintiff Prediction Company LLC ("Prediction" or the "Company"), by its undersigned attorneys, hereby submits this memorandum of law in support of its motion for leave to serve process on Defendant Abhishek Rajgarhia ("Mr. Rajgarhia") by alternative means pursuant to Fed. R. Civ. P. 4(f)(3).

## PRELIMINARY STATEMENT

Plaintiff requests leave to serve process upon Defendant by alternative means because the means of service prescribed by Rule 4(f)(1) of the Federal Rules of Civil Procedure ("FRCP") have proven futile in these circumstances. For over six months, Defendant, with the assistance of his counsel, has successfully thwarted service of the Complaint. Importantly, notice of this action – which is the core function of service of process – is not an issue. Defendant is well aware of both the existence of the action and Plaintiff's efforts to serve him with process because his New York counsel, Lance Gotko ("Mr. Gotko") of Friedman Kaplan Seiler & Adelman, LLP, has advised him of both. Indeed, Mr. Gotko has candidly admitted that he has been in contact with Defendant regarding this case as recently as last week. Defendant has availed himself of the benefit of New York counsel in this action, while at the same time refusing to provide Mr. Gotko with authorization to accept service on his behalf or even his address in India so that he may properly be served.

Plaintiff has made numerous attempts at obtaining Defendant's address through internet research, all of which have been fruitless; and thus service under Rule 4(f)(1) has proven to be impossible. However, alternative means of Court-ordered service under Rule 4(f)(3) would succeed in providing him with the Complaint. Plaintiff therefore moves this Court for leave to serve Defendant: (i) by serving a copy of the summons and complaint filed in this action (the "Summons" and the "Complaint") by certified mail upon his counsel, Mr. Gotko, and requesting that Mr. Gotko forward the Summons and Complaint to Defendant, and (ii) by sending a copy of

the Summons and Complaint to the e-mail address that Defendant has used in the past for communicating with Prediction.

## STATEMENT OF FACTS

This is an action for breach of contract and misappropriation of trade secrets arising from the removal, disclosure, and impending use by Defendant, a former employee of Plaintiff, of Plaintiff's highly valuable and confidential, proprietary quantitative trading strategy called "AM", which is one of Plaintiff's most important assets. Plaintiff's internal investigation uncovered communications and other evidence that Defendant transferred a copy of a document revealing some of Plaintiff's trade secrets and proprietary, confidential information to a competitor. Additional evidence that was produced before this suit was filed shows that Defendant copied the source code for the AM strategy to one or more electronic data storage devices he controls. Moreover, Plaintiff discovered that Defendant took steps to cover up his wrongdoing, as demonstrated by his deletion of the contents of his Prediction e-mail "sent" folder and his internet browsing history at Prediction, which included the following queries from late June 2009: (i) "how can employers track downloads"; (ii) "3ami allows employers to track use of USB storage"; and (iii) "how do I delete everything on my hard drive?"

Defendant originally planned to work for a competitor of Plaintiff in New York and had moved to New York to do so. Around the time that this lawsuit was filed, Defendant abruptly relocated to India. While certain computers that Defendant used remain in New York in the custody of Defendant's New York counsel assisting him in resisting Plaintiff's claims, Plaintiff has legitimate concerns that Defendant may retain additional copies of Plaintiff's confidential information and may intend to use it. Such misappropriation would not only unjustly enrich Defendant but would also diminish the accuracy of Prediction's trading model and reduce the value of the signals generated by the model even for Prediction itself. Plaintiff

seeks injunctive relief, damages, and any other and further equitable relief deemed appropriate by the Court, to safeguard the confidentiality of its trade secrets and confidential, proprietary information which Defendant has removed or otherwise misappropriated.

Around the time that Plaintiff filed its Complaint in this action, Defendant Rajgarhia abruptly left the United States and moved to India, while maintaining continuous communication with his counsel, Mr. Gotko, regarding this dispute and this action. Plaintiff has not been able to locate Mr. Rajgarhia. Mr. Rajgarhia's New York counsel, Mr. Gotko, acknowledges that he is in contact with Mr. Rajgarhia about this dispute, and claims that Mr. Rajgarhia will not provide him with authorization to accept service on Mr. Rajgarhia's behalf, nor will Mr. Rajgarhia provide Mr. Gotko with his address in India.

As India is a party to the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters (the "Hague Convention"), if Mr. Rajgarhia is indeed in India, service must be effected in conformity with any applicable procedures of the Hague Convention pursuant to Fed. R. Civ. P. 4(f)(1) and U.S. Supreme Court caselaw. However, the Hague Convention is inapplicable here, as Article 1 of the Hague Convention requires that the address of the person to be served be known for the Hague Convention to apply. Plaintiff is thus unable to serve process upon Mr. Rajgarhia under Rule 4(f)(1). However, inasmuch as it is undisputed that Mr. Rajgarhia's New York counsel is in contact with him, and as Mr. Rajgarhia appears as well to have a functioning e-mail address, alternative service by providing a copy of the Summons and Complaint to his counsel and e-mailing a copy to his e-mail address, is reasonably calculated to provide Defendant with adequate notice of the Complaint so that he can defend this action. Therefore, Plaintiff requests leave of the Court to serve Mr. Rajgarhia, pursuant to Rule 4(f)(3), by alternative means that are

necessary and proper under these circumstances.

As discussed in detail in the accompanying affidavit of Plaintiff's counsel, Victoria A. Cundiff ("Ms. Cundiff") ("Cundiff Aff.), Plaintiff has attempted to obtain Defendant's address in order to serve process on Defendant under Rule 4(f)(1) of the FRCP. *See* Cundiff Aff. at ¶¶ 9-10, 16-22.   In August of 2009, Ms. Cundiff engaged in settlement discussions with Mr. Gotko in an attempt to resolve this matter without resorting to litigation. *See* Cundiff Aff. at ¶ 14.  Plaintiff filed its Summons and Complaint in this action on August 25, 2009.  Copies of the Summons and Complaint are attached hereto as Exhibit A and Exhibit B. That same day, Ms. Cundiff inquired whether Mr. Gotko was authorized to accept service on Defendant's behalf.  Mr. Gotko responded that he was not so authorized. *See id.* at ¶ 16. Thereafter, on or about August 28, 2009, Ms. Cundiff asked Mr. Gotko for Defendant's address so that Plaintiff could serve Defendant, but Mr. Gotko replied that Defendant had left the United States and returned to India, and that Mr. Gotko did not know Defendant's address in India. *See id.* at ¶ 17.   Plaintiff's law firm then undertook unsuccessful internet searches to locate Defendant. *See id.* at ¶ 9.

Subsequently, on October 20, 2009, Ms. Cundiff sent an e-mail to Mr. Gotko, asking him to inquire as to his client's address so that Plaintiff could proceed with completing service of process.  Ms. Cundiff also asked Mr. Gotko if he would consent to her proposal of sending a simultaneous e-mail to both Mr. Gotko and Mr. Rajgarhia, attaching the Complaint, requesting that Mr. Rajgarhia provide Plaintiff with his current address, and instructing him not to respond to Ms. Cundiff directly but to do so through counsel. *See id.* at ¶ 21.  Mr. Gotko refused to consent to such proposal. *See id.* at ¶ 22.  Since that time, Mr. Gotko has continued to communicate with Defendant and has made two special appearances before this Court. *See id.* at

¶¶ 24-25.  Not even after the Court requested that Mr. Gotko ask his client for his current address at the January 5, 2010 conference did Defendant agree to provide that information.  *See id.* at ¶ 24.  Instead, Defendant continues to refuse to provide Mr. Gotko with (i) authorization to accept service on Defendant's behalf, nor (ii) his address in India so that Plaintiff can complete service of process.  As such, Plaintiff remains unable to effect service on Defendant under the means prescribed by Rule 4(f)(1).

**ARGUMENT**

A.     <u>**Service of Process by Alternative Means Is Necessary and Proper in This Case**</u>

      1.     **Service of Process by Alternative Means Is Not Extraordinary Relief and Can Take Numerous Forms**

Rule 4(f) of the FRCP governs service of process on individuals in a foreign country.  Subsection (1) of Rule 4(f) provides that an individual in a foreign country may be served "by any internationally agreed means of service that is reasonably calculated to give notice, such as those authorized by the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents."  India is a party to the Hague Convention, a copy of which is attached hereto as Exhibit C.  Use of the Hague Convention's service procedures, *when available*, is mandatory if documents must be transmitted abroad to effect service.  *See Volkswagenwerk Aktiengesellschaft v. Schlunk*, 486 U.S. 694, 705 (1988) (emphasis added).  However, Article 1 of the Hague Convention provides that "[t]his Convention shall not apply where the address of the person to be served with the document is not known."  Accordingly, if the address of the person to be served is not known, service under Rule 4(f)(1) is not possible.  This describes the precise circumstances of the instant case.

As discussed above and in the accompanying affidavit, Plaintiff has undertaken reasonable efforts in attempting to serve Defendant with a copy of the Summons and Complaint.

5

Those attempts have been unsuccessful. *See* Cundiff Aff. at ¶¶ 9-10, 16-22. Throughout the many months that Plaintiff has sought to serve Defendant, Defendant has refused to authorize his counsel to accept service on his behalf but has remained in close contact with his New York counsel about the dispute. Mr. Gotko has even been present at two court conferences in this case, while claiming that Defendant will not provide Mr. Gotko with his address. *See id.* at ¶ 26. Furthermore, Mr. Gotko refused to consent to a proposed simultaneous e-mail communication from Ms. Cundiff, to both Mr. Gotko and Mr. Rajgarhia, attaching a copy of the Complaint, requesting that Mr. Rajgarhia provide Plaintiff with his current address so that Prediction can formally serve him with a copy of the Complaint, and instructing Mr. Rajgarhia not to respond to her directly but to do so through his counsel. *See id.* at ¶¶ 21-22. Given these circumstances, Plaintiff has no way of completing service of process under the means specified in Rule 4(f)(1), *i.e.,* by serving process under the means specified in the Hague Convention.

Rule 4(f)(3) addresses the type of situation in which Plaintiff finds itself. Rule 4(f)(3) provides that service upon an individual in a foreign country may be effected by means as directed by the Court, provided such means are not prohibited by international agreement. The Hague Convention does not prohibit service pursuant to Rule 4(f)(3). *See* Hague Convention, Exhibit C. The language and structure of Rule 4(f)(3), along with the accompanying advisory committee notes, demonstrate that "service of process under Rule 4(f)(3) is neither a 'last resort' nor 'extraordinary relief.' It is merely one means among several which enables service of process on an international defendant." *Rio Props. v. Rio Int'l. Interlink*, 284 F.3d 1007, 1015 (9th Cir. 2002) (*quoting Forum Fin. Group, LLC v. President, Fellows of Harvard College*, 199 F.R.D. 22, 23 (D. Me. 2001)). In fact, "the only limitations on Rule 4(f)(3) are that the means of service must be directed by the court and must not be prohibited by international agreement."

*Ehrenfeld v. Salim a Bin Mahfouz*, 2005 WL 696769 at *2 (S.D.N.Y. Mar. 23, 2005).

In order to obtain the Court's permission to serve process under Rule 4(f)(3), a party need only "demonstrate that the facts and circumstances of the present case necessitate[] the district court's intervention." *Rio Props.*, 284 F.3d at 1016.   In addition, the proposed alternative means of service must comport with due process.  *See id.*  All possible means of service need not be exhausted; but rather, a party is required to show that it "reasonably attempted to effectuate service on the defendant[] and that the circumstances are such that the district court's intervention is necessary to obviate the need to undertake methods of service that are unduly burdensome or that are untried but likely futile." *Ryan v. Brunswick Corp.*, 2002 WL 1628933, at *2 (W.D.N.Y. May 31, 2002).  Indeed, "courts have authorized a wide variety of alternative methods of service including publication, ordinary mail, mail to the defendant's last known address, delivery to the defendant's attorney, telex, and most recently, email." *Rio Properties*, 284 F.3d at 1016.

### a.   Service of Process on Defendant's Attorney

Courts have authorized service of process upon a defendant's attorney where the defendant has been in communication with the attorney. *See, e.g., RSM Prod. Corp. v. Fridman,* 2007 WL 2295907, at *6 (S.D.N.Y. Aug. 10, 2007) (holding that court-ordered service on defendant's attorney pursuant to Rule 4(f)(3) was proper because plaintiff was unable to serve defendant pursuant to Hague Convention procedures, and neither the Hague Convention nor any other international agreement between the United States and the Russian Federation prohibited service on a defendant residing in the Russian Federation through service on his United States counsel); *Ehrenfeld*, 2005 WL 696769, at *3 (authorizing service on defendant's attorney where (i) plaintiff could not utilize the means of service authorized by the Hague Convention, (ii) plaintiff stated that it would be extremely difficult to identify someone willing to attempt

personal service in Saudi Arabia, (iii) plaintiff's counsel stated that he could not locate defendant's residence address, and (iv) defendant's counsel declined to accept service on defendant's behalf and declined to provide defendant's residence address); *Rio Props.*, 284 F.3d at 1017 (authorizing service on foreign defendant's United States counsel where (i) plaintiff could not serve defendant at the Florida address listed on defendant's website, which merely housed defendant's international courier, (ii) plaintiff could not locate defendant's address in Costa Rica after searching international directory databases, (iii) defendant consulted United States counsel after receiving plaintiff's complaint that was sent to the Florida address listed on defendant's website, and (iv) defendant's United States counsel declined to accept service on his client's behalf); *cf. Madu, Edozie & Madu, P.C. v. Socketworks Ltd. Nigeria*, 2010 WL 305317, at *6 (S.D.N.Y. Jan. 26, 2010) (refusing to grant leave to serve process on foreign defendants through service upon defendants' United States counsel where, unlike here, there was an absence of communication between defendants and their United States counsel such that service upon their counsel would not provide notice reasonably calculated to apprise defendants of the action). Here, Mr. Gotko has been frank that he is in communication with his client and that he has in fact been in contact with his client in the last week. *See* Cundiff Aff. at ¶ 25.

b.   **Service of Process by E-mail**

Courts have also authorized service of process by e-mail as an appropriate means under proper circumstances where such service would serve the purposes of ensuring that the defendant would receive adequate notice of the action and have an opportunity to be heard. Such court-ordered service has been found to be necessary and proper where defendants have succeeded in avoiding service by the methods specified in the Federal Rules of Civil Procedure. *See, e.g., Bank Julius Baer & Co. Ltd v. Wikileaks*, 2008 WL 413737, at *2 (N.D. Cal. Feb 13, 2008) (authorizing service by e-mail where plaintiffs provided evidence that physical addresses

8

for the defendants could not be effectively located or that their purported agents have refused to accept service, and that e-mail accounts were listed that would serve the purposes of ensuring the defendants receive adequate notice of the action and opportunity to be heard); *Philip Morris USA Inc. v. Veles Ltd.*, 2007 WL 725412, at *3 (S.D.N.Y. Mar. 12, 2007) (authorizing service by e-mail and fax upon defendants who conducted their business solely by electronic communication and where plaintiff failed to complete service by traditional means and demonstrated it could not locate defendants' physical addresses after conducting diligent searches); *D.R.I., Inc. v. Dennis*, 2004 WL 1237511, at *2 (S.D.N.Y. Jun. 3, 2004) (authorizing service by e-mail, certified mail to last known address, and publication in a local newspaper after plaintiff failed to locate defendant's address through performance of a "skip trace" search); *Ryan*, 2002 WL 1628933, at *2-3 (authorizing service by regular mail, fax, and/or e-mail, at the Taiwan address and fax number provided in defendant's website); *Rio Props.*, 284 F.3d at 1016-17 (authorizing service on evasive foreign defendant by e-mail where plaintiff could not serve defendant at the Florida address listed on defendant's website and plaintiff's efforts at locating defendant's Costa Rica address by searching international directory databases proved fruitless); *cf. Bank of Credit & Commerce Int'l (Overseas) Ltd. v. Tamraz*, 2006 WL 1643202, at *1, *6 (S.D.N.Y. Jun. 13, 2006) (authorizing service of a contempt order by e-mail, facsimile, Federal Express, and personal service upon an evasive defendant).

Defendant uses a Gmail account. On June 2, 2009, Defendant sent an e-mail from his work e-mail account, Abhishek.Rajgarhia@ubs.com, to his Gmail account, abhishekrajgarhia@gmail.com, in which he attached a document containing Prediction confidential, proprietary information which Defendant misappropriated. *See* Cundiff Aff. ¶ 11, Exhibit 4. Defendant also used that Gmail account at least as recently as July 17, 2009, when he

sent an e-mail to Plaintiff, advising that he had resigned from the Company. *See id.*, at ¶ 11, Exhibit 5.

**B.**   **Service of Process by Alternative Means Should Be Authorized in This Case**

Under the specific facts and circumstances of this case, service of process by the alternative means of service upon Defendant's attorney and/or by e-mail is both proper and necessary. Both of the proposed methods of alternative service comport with the requirements of due process, which mandate that any method of service authorized under Rule 4(f)(3) must be "reasonably calculated, under all the circumstances, to apprize interested parties of the pendency of the action and afford them an opportunity to present their objections." *Ryan*, 2002 WL 1628933, at *2 (*quoting Mullane v. Cent. Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950)). Indeed, the core function of service of process "is to supply notice of the pendency of a legal action, in a manner and at a time that affords the defendant a fair opportunity to answer the complaint and present defenses and objections." *Henderson v. U.S.*, 517 U.S. 654, 672 (1996). That core function is provided by both of the proposed methods of alternative service. It is undisputed that Defendant is well aware of this action, as Defendant's counsel has made two special appearances in connection with this action and has stated to the Court that he has communicated with Defendant regarding this action, as recently as last week in connection with settlement discussions.

Plaintiff's efforts to effect service on Defendant have been unsuccessful. In these circumstances, Court-ordered alternative means of service are appropriate. Accordingly, this Court should grant Plaintiff leave to serve process upon Defendant by the proposed alternative means pursuant to Rule 4(f)(3).

## CONCLUSION

Defendant is in communication with his New York attorney and is, and has long been, aware of this action.  He has directed his New York attorney not to accept service nor to appear in this action, which means that this action has been unable to proceed.  His attorney, in turn, while not appearing, has blocked counsel for Plaintiff from contacting Mr. Rajgarhia directly to serve him or even to request his address.   Meanwhile, Plaintiff's fears that Mr. Rajgarhia may have retained or be using its intellectual property are going unaddressed.  In the interest of substantial justice, Plaintiff requests that this Court grant it leave to serve Defendant by both of the proposed alternative means of service.

Dated: New York, NY
      March 5, 2010

By: _Victoria A. Cundiff_
Victoria A. Cundiff

Paul, Hastings, Janofsky & Walker LLP
75 East 55th Street
New York, NY  10022-3205
(212)  318-6000

Counsel for Plaintiff
Prediction Company LLC

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the foregoing Notice of Motion, Memorandum of Law in Support of Motion for Leave to Serve Process by Alternative Means, and Affidavit of Victoria A. Cundiff was served by causing a copy to be sent by email and hand delivery on this 5th day of March, 2010 upon:

> Lance Gotko
> Friedman Kaplan Seiler & Adelman, LLP
> 1633 Broadway
> New York, NY 10019
> (212) 833-1100
> lgotko@fklaw.com
>
> *Attorneys for Defendant Abhishek Rajgarhia*

Victoria A. Cundiff
75 East 55th Street
New York, NY 10022
Telephone: (212) 318-6000

Attorneys for Plaintiff *Prediction Company LLC*

12