**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

--------------------------------------------------- X

PREDICTION COMPANY LLC,

             **Plaintiff,**

    - against -

ABHISHEK RAJGARHIA,

             **Defendant.**

--------------------------------------------------- X

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 3 22 10

**MEMORANDUM OPINION**
**ORDER**

**09 Civ. 7459 (SAS)**

**SHIRA A. SCHEINDLIN, U.S.D.J.:**

       This action was filed on August 25, 2009.  Since then, plaintiff

Prediction Company LLC ("Prediction") has failed to serve defendant Abhishek

Rajgarhia with the summons and complaint.  Rajgarhia apparently lives in India

and Prediction has been unable to ascertain his address there.  Rajgarhia's New

York counsel, Lance Gotko, has acknowledged that he is in contact with Rajgarhia

about this lawsuit; however, Rajgarhia has neither provided Gotko with his address

in India nor authorized Gotko to accept service on his behalf.  Nor has Gotko

entered an appearance in this action.  Prediction now moves for leave to serve

Rajgarhia by alternate means pursuant to Federal Rule of Civil Procedure 4(f)(3).

Specifically, Prediction seeks to serve Rajgarhia by (1) serving a copy of the

summons and complaint by certified mail upon Gotko, and requesting that Gotko

forward the summons and complaint to Rajgarhia; and (2) sending a copy of the

summons and complaint to the email address that Rajgarhia has previously used to

communicate with Prediction.

Rule 4(f) governs service of process on individuals in a foreign

country and provides:

> Unless federal law provides otherwise, an individual –
> other than a minor, an incompetent person, or a person
> whose waiver has been filed – may be served at a place not
> within any judicial district of the United States:
>
> (1) by any internationally agreed means of service that is
> reasonably calculated to give notice, such as those
> authorized by the Hague Convention on the Service Abroad
> of Judicial and Extrajudicial Documents;
>
> (2) if there is no internationally agreed means, or if an
> international agreement allows but does not specify other
> means, by a method that is reasonably calculated to give
> notice:
>
>> (A) as prescribed by the foreign country's law for
>> service in that country in an action in its courts of
>> general jurisdiction;
>>
>> (B) as the foreign authority directs in response to a
>> letter rogatory or letter of request; or
>>
>> (C) unless prohibited by the foreign country's law,
>> by:
>>
>>> (i) delivering a copy of the summons and of
>>> the complaint to the individual personally; or
>>>
>>> (ii) using any form of mail that the clerk
>>> addresses and sends to the individual and that

requires a signed receipt; or

(3) by other means not prohibited by international agreement, as the court orders.

Service pursuant to subsection (3) is "neither a last resort nor extraordinary relief. It is merely one means among several which enables service of process on an international defendant."[1] "The only limitations on Rule 4(f)(3) are that the means of service must be directed by the court and must not be prohibited by international agreement."[2] "The decision whether to allow alternative methods of serving process under Rule 4(f)(3) is committed to the sound discretion of the district court. In exercising this discretion, district courts may impose a threshold requirement for parties to meet before seeking the court's assistance."[3] A district court may require the parties "to show that they have reasonably attempted to effectuate service on the defendant(s) and that the circumstances are such that the district court's intervention is necessary . . . ."[4]

---

[1]     *Rio Props. v. Rio Int'l Interlink*, 284 F.3d 1007, 1015 (9th Cir. 2002) (quotation marks and citation omitted).

[2]     *Ehrenfeld v. Salim a Bin Mahfouz*, No. 04 Civ. 9641, 2005 WL 696769, at *2 (S.D.N.Y. Mar. 23, 2005) (citing *Rio Props.*, 284 F.3d at 1015).

[3]     *Madu, Edozie & Madu, P.C. v. SocketWorks Ltd. Nigeria*, No. 07 Civ. 11028, 2010 WL 305317, at *5 (S.D.N.Y. Jan. 26, 2010) (quotation marks and citations omitted).

[4]     *Export-Import Bank v. Asia Pulp & Paper Co., Ltd.*, No. 03 Civ. 8554, 2005 WL 1123755, at *4 (S.D.N.Y. May 11, 2005) (quotation marks

The proposed means of service must comport with constitutional notions of due process,[5] which require "'notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections.'"[6] "This requirement of 'notice reasonably calculated' must be made in good faith . . . ."[7] "[T]rial courts have authorized a wide variety of alternative methods of service including publication, ordinary mail, mail to the defendant's last known address, delivery to the defendant's attorney, telex, and most recently, email."[8] What constitutes appropriate service will vary depending upon the particular circumstances of a case.

The Court is not aware of any international agreement that prohibits either alternate service of process generally on a person in India, or the specific means proposed by Prediction. Accordingly, Prediction needs only to obtain the Court's permission to proceed under subsection (3). To do so, Prediction must

---

omitted).

[5]     *See Rio Props.*, 284 F.3d at 1016.

[6]     *Luessenhop v. Clinton County, N.Y.*, 466 F.3d 259, 269 (2d Cir. 2006) (quoting *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950)).

[7]     *Id.*

[8]     *Rio Props.*, 284 F.3d at 1016.

4

show that it has made a reasonable effort to effectuate service and that the facts and

circumstances justify the Court's intervention.  Prediction has met its burden,

having actively, though unsuccessfully, attempted to obtain Rajgarhia's address in

a variety of ways.[9]  In this connection, it is worth observing the inapplicability of

the Hague Convention, to which India is a signatory, because Rajgarhia's address

is not known to Prediction.[10]

      Prediction's proposed methods of service are acceptable means in the

circumstances.[11]  Sending a copy of the summons and complaint to Gotko and

---

[9]     *See* Affidavit of Victoria A Cundiff, Plaintiff's Counsel, in Support of
Plaintiff's Motion for Leave to Serve Process by Alternative Means ("Cundiff
Aff.") ¶¶ 9-10 (detailing plaintiff's efforts to obtain Rajgarhia's address); *id.* at
Exs. 1-2.

[10]     *See* Convention on the Service Abroad of Judicial and Extrajudicial
Documents in Civil or Commercial Matters, art. 1 ("This Convention shall not
apply where the address of the person to be served with the document is not
known."), Ex. C to Plaintiff's Memorandum of Law in Support of Motion for
Leave to Serve Process by Alternative Means.

[11]     *See, e.g.*, *RSM Prod. Corp. v. Fridman*, No. 06 Civ. 11512, 2007 WL
2295907, at *6 (S.D.N.Y. Aug. 10, 2007) (authorizing service on defendant's
United States counsel); *Philip Morris USA Inc. v. Veles Ltd*, No. 06 Civ. 2988,
2007 WL 725412, at *2-*3 (S.D.N.Y. Mar. 12, 2007) (authorizing service by email
and facsimile). *Cf. Madu, Edozie & Madu, P.C.*, 2010 WL 305317, at *6-*7
(refusing to grant leave to serve process on foreign defendants through service
upon co-defendants' United States counsel where plaintiff had not explained its
efforts to obtain foreign defendants' addresses and where there was inadequate
communication between foreign defendants and co-defendant's United States
counsel to satisfy due process).

requesting that Gotko forward the documents to Rajgarhia is reasonably calculated

to apprise Rajgarhia of the pendency of the action and afford him an opportunity to

present objections.  Though Gotko presently appears not to know Rajgarhia's

address, Gotko and Rajgarhia have been in recent contact,[12] which strongly

indicates that Gotko will succeed in forwarding the summons and complaint to

Rajgarhia.  It is also reasonably likely that Rajgarhia will receive the summons and

complaint via a message to his recently-used email address.[13]  Finally, I must

emphasize that Rajgarhia is aware of this suit.

　　　　　For the foregoing reasons, Prediction's motion is granted.  The Clerk

of the Court is directed to close this motion (document number 8).


　　　　　　　　　　　　　　SO ORDERED:


　　　　　　　　　　　　　　Shira A. Scheindlin
　　　　　　　　　　　　　　U.S.D.J.


Dated:　　　　New York, New York
　　　　　　　　March 22, 2010

---

[12]　　　*See* Cundiff Aff. ¶¶ 13-25 (detailing contact between Gotko and
Rajgarhia about this case); *id.* at Exs. 6-9.

[13]　　　*See id.* ¶¶ 11-12 (detailing Rajgarhia's use of a Gmail account); *id.* at
Exs. 3-5.

**For Plaintiff:**

Victoria A. Cundiff, Esq.
Paul, Hastings, Janofsky & Walker, LLP
75 East 55th Street
New York , New York 10022-3205
(212) 318-6000

———————————————————

Lance J. Gotko, Esq.
Friedman Kaplan Seiler & Adelman, LLP
1633 Broadway
New York, New York 10019
(212) 833-1115